UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CRAIG JOHNSON,<br><br>                Plaintiff,<br><br>v.<br><br>PERSON OR PERSONS KNOWN OR TO BE CALLED UPON,<br><br>                Defendants. | Civ. No. 10-3938 (ADM/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff is seeking IFP status pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal

recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, the substantive allegations set forth in the Complaint, repeated verbatim and in their entirety, are as follows:

"under the color of law that has come histories."

(Complaint, p. 4, ¶ 7.)

Based on this allegation, Plaintiff is seeking relief described as follows:

"allow my say."

(Id., "Request for Relief.")

Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's current Complaint fails to state any claim on which relief may be granted. The deficiencies in the Complaint include at least the following:

1. There is nothing in the complaint showing the existence of federal subject matter jurisdiction.

2. The Complaint does not describe any specific acts or omissions by any of the named Defendants. In fact, it is not clear from the Complaint who the Defendants are that the Plaintiff is attempting to sue.

3. The Complaint does not describe any legal basis for Plaintiff's claims.

4.      The Complaint does not adequately describe the nature of the relief that Plaintiff is seeking, or why any relief would be appropriate.

Because Plaintiff's Complaint does not set forth sufficient allegations to state any claim on which relief could be granted, his IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2.      This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 20, 2010

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 5, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.